## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHORE POWER SOLUTIONS, LLC. | § | |
| 100 Gloucester Road | § | |
| Queenstown, MD 21658 | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| M/V "BILLS 4 BILLS", HER ENGINES, | § | |
| TACKLE, APPURTENANCES, ETC., *IN* | § | |
| *REM* | § | |
| | § | |
| *and* | § | Civil Action No. |
| | § | |
| MICHAEL J. CONNER | § | |
| 1519 Furnace Ave | § | |
| Glen Burnie, MD 21060 | § | |
| | § | |
| *and* | § | |
| | § | |
| CONNIE L. CONNER | § | |
| 1519 Furnace Ave | § | |
| Glen Burnie, MD 21060 | § | |
| | § | |
| *Defendants*. | § | |

§   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §   §

## <u>VERIFIED COMPLAINT IN REM</u>

NOW COMES, Plaintiff Shore Power Solutions, LLC, hereinafter "Shore Power", by and through their attorneys Todd D. Lochner, Eugene E. Samarin, and Lochner Law Firm, P.C., file this Verified Complaint *in rem* against the Motor Vessel "BILLS 4 BILLS", one 1990 40-foot motor vessel, USCG Official No. 1127292, hereinafter "Vessel", which Vessel is currently found within the jurisdiction of this Honorable Court, and state in support thereof:

## <u>Summary of Action</u>

1.      This is an action *in rem* pursuant to Admiralty Rule C to enforce a maritime lien against a vessel documented under the laws of the United States.

## Jurisdiction and Venue

2.      The Court has jurisdiction over this action pursuant to the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31343, and Admiralty jurisdiction, 28 U.S.C. §1333.  This is an Admiralty and Maritime claim within the meaning of Fed. R. Civ. P. 9(h)

3.      Plaintiff states pursuant to Admiralty Rule C(2)(c) that the Vessel is currently within the jurisdiction of the United States District Court for the District of Maryland.

## Parties

4.      Plaintiff Shore Power is a Maryland Limited Liability Company in the business of vessel repairs, with its principal place of business in the state of Maryland.

5.      Defendant Vessel "BILLS 4 BILLS", is one 1990 40-foot motor vessel, USCG Official No. 1127292, which is the subject a lien for necessaries for repair services provided to the vessel at request of Defendants Michael and Connie Conner and is currently located in Maryland.

6.      Defendant Michael Conner is a natural person believed to be a resident of the state of Maryland, is the owner of the Vessel, and contracted with Plaintiff to provide services to the Vessel.

7.      Defendant Connie Conner is a natural person believed to be a resident of the state of Maryland, is the owner of the Vessel, and contracted with Plaintiff to provide services to the Vessel.

## Facts

8.      Plaintiff Shore Power is a company which provides vessel repair services, including engine repair services, to vessels in Maryland.

9.      From 2017 through 2019, Defendant Michael Conner contracted with Shore Power to make various repairs to the Vessel.

10.     These repairs to the Vessel were principally concerned with servicing and replacing the Vessel's engines.

11.     Over the course of 2017 through 2019, Plaintiff Shore Power performed these various requested services, and invoiced Defendants Conner for those services performed.

12.     Despite Shore Power's invoices and repeated requests for payment, Defendant Conners only made a payment for the work performed by Shore Power.

13.     As of the date of this filing, the principal due on Mr. Conner's balance for work performed by shore power, including parts, labor, and sales tax, is $24,569.00. *Exhibit 1*.

14.     This past due balance, together with all charges and payments made thus far, is reflected in Exhibit 1, Statement of Account Balance for Michael Conner.

15.     To date, Mr. Conner has refused to pay the balance for the services received.

16.     A lien for necessaries was subsequently filed on the Vessel's documentation with the United States Coast Guard.  *Exhibit 2*.

17.     There is due and owing from the Vessel and from Mr. Conner, to Shore Power, the principal sum of $24,569.00.

**COUNT I**
**(Against Vessel In Rem)**
***Necessaries* Lien Foreclosure Action**
**Pursuant to Title 46 U.S.C. § 31301, *et. seq.***

18.     Plaintiff Shore Power realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

19.     Plaintiff provided labor and materials to the Defendant Vessel to service and repair the Vessel, and did in fact service and repair the Vessel. *Exhibit 1*.

20.     Plaintiff is owed the total sum of $24,569.00 for necessaries provided to the Defendant Vessel.  *Exhibit 1*.

21.     Defendant Vessel and its owners have failed to pay labor and material repair charges for the balance due for necessaries.

22.     Plaintiff is entitled to recover from the *in rem* Defendant Vessel the total sum of $24,569.00, plus pre and post judgment interest, *custodia legis* expenses for the Vessel while it is under arrest, and the costs of this proceeding which include, but are not limited to, the U.S. Marshal's fees, Court filing fees, and any recoverable attorneys' fees.

WHEREFORE, the Plaintiff Shore Power prays:

A.     That a warrant issue for the arrest of the Defendant Vessel and her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

B.     That Plaintiff be decreed to have a maritime lien *in rem* upon the Defendant Vessel, her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that such a lien be foreclosed in accordance with the law and thereupon that the vessel be condemned and sold in payment of the amount due and all such other sums that are owed;

C.     That upon proper notice and hearing, judgment be entered against the Defendant Vessel, *in rem*, for the aforementioned damages in the amount of $24,569.00, plus pre-judgment interest, *custodia legis* expenses, U.S.

Marshal's fees and expenses, attorneys' fees, and other recoverable litigation costs;

D.      That Plaintiff be permitted to credit bid the amount of its judgment or lien against the Defendant Vessel at any U.S. Marshal's sale,

E.      That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to any person, firm or corporation who has recorded a notice of claim of an undischarged lien upon the vessel,

F.      That this Court enter judgment against Defendants Michael and Connie Conner in the amount of $24,569.00, plus pre-judgment interest, post judgment interest, attorneys fees, and other recoverable litigation costs; and

G.      That such other and further relief be granted as this Court deems just and proper.

**COUNT II**
**(Against Michael and Connie Conner *in personam*)**
**Breach of Maritime Contract**

23.     Plaintiff Shore Power realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

24.     Plaintiff entered into a maritime contract with Defendants Mr. Conner and Mrs. Conner to repair the Defendant's Vessel.

25.     Plaintiff enacted a series of repairs to the Vessel under the contract. *Exhibit 1*.

26.     All the repairs made to the Vessel were authorized by Defendant Mr. Conner who promised to pay Plaintiff in return for these repairs being made.

27.     Defendants Mr. Conner and Mrs. Conner failed to perform their obligations under the contract by failing to pay, upon timely demand, the principal balance of $24,569.00. *Exhibit 1.*

28.     As a direct result of Defendant's failure to pay, Plaintiff has suffered $24,569.00 in damages.

WHEREFORE, the Plaintiff Shore Power prays:

A.      That a warrant issue for the arrest of the Defendant Vessel and her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

B.      That Plaintiff be decreed to have a maritime lien *in rem* upon the Defendant Vessel, her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that such a lien be foreclosed in accordance with the law and thereupon that the vessel be condemned and sold in payment of the amount due and all such other sums that are owed;

C.      That upon proper notice and hearing, judgment be entered against the Defendant Vessel, *in rem*, for the aforementioned damages in the amount of $24,569.00, plus pre-judgment interest, *custodia legis* expenses, U.S. Marshal's fees and expenses, attorneys' fees, and other recoverable litigation costs;

D.      That Plaintiff be permitted to credit bid the amount of its judgment or lien against the Defendant Vessel at any U.S. Marshal's sale,

E.      That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to any person,

firm or corporation who has recorded a notice of claim of an undischarged lien upon the vessel,

F.      That this Court enter judgment against Defendants Michael and Connie Conner in the amount of $24,569.00, plus pre-judgment interest, post judgment interest, attorneys fees, and other recoverable litigation costs; and

G.      That such other and further relief be granted as this Court deems just and proper.

### COUNT III
### (Against Michael and Connie Conner *in personam*)
### <u>Unjust Enrichment</u>

29.     Plaintiff Shore Power realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

30.     Alternatively, in the event the Court finds that there was no contract between parties for services furnished upon the Vessel, then Plaintiff Shore Power furnished services and materials in or about the performance of repairs associated with the Vessel.

31.     As a direct and proximate result thereof, Plaintiff Shore Power conferred a substantial benefit upon the Defendants Michael and Connie Conner, for which it is entitled to be compensated.

32.     Absent payment, Defendants Michael and Connie Conner will be unjustly enriched by virtue of Plaintiff Shore Power's services furnished to the Vessel.

33.     The reasonable value of Plaintiff's services furnished to the Vessel for which no payment was received, is in the amount of $24,569.00.

WHEREFORE, the Plaintiff Shore Power prays:

A.      That a warrant issue for the arrest of the Defendant Vessel and her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

B.      That Plaintiff be decreed to have a maritime lien *in rem* upon the Defendant Vessel, her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that such a lien be foreclosed in accordance with the law and thereupon that the vessel be condemned and sold in payment of the amount due and all such other sums that are owed;

C.      That upon proper notice and hearing, judgment be entered against the Defendant Vessel, *in rem*, for the aforementioned damages in the amount of $24,569.00, plus pre-judgment interest, *custodia legis* expenses, U.S. Marshal's fees and expenses, attorneys' fees, and other recoverable litigation costs;

D.      That Plaintiff be permitted to credit bid the amount of its judgment or lien against the Defendant Vessel at any U.S. Marshal's sale,

E.      That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to any person, firm or corporation who has recorded a notice of claim of an undischarged lien upon the vessel,

F.      That this Court enter judgment against Defendants Michael and Connie Conner in the amount of $24,569.00, plus pre-judgment interest, post judgment interest, attorneys fees, and other recoverable litigation costs; and

-8-

G.　　　　　That such other and further relief be granted as this Court deems just and

proper.

### COUNT III
### (Against Michael Conner *in personam*)
### Quantum Meruit

34.　　　Plaintiff Shore Power realleges the above paragraphs of the Verified Complaint as

if fully set forth herein.

35.　　　Alternatively, in the event the Court finds that there was no contract between the

parties for services furnished upon the Vessel, then Plaintiff Shore Power rendered a valuable

service to Defendant Mr. Conner when he furnished services and materials in the performance of

repairs associated with the Vessel.

36.　　　Plaintiff Shore Power rendered these services to Defendant Mr. Conner as the party

identified as responsible for payment on these services.

37.　　　Defendant Mr. Conner accepted these services by requesting them and retaining the

benefit of the repaired Vessel.

38.　　　After the repairs were complete, Defendant Mr. Conner was notified by invoices

that Plaintiff Shore Power expected to be paid for the services they rendered. *See* Exhibit 1.

39.　　　The reasonable value of Plaintiff's services furnished to the Vessel for which no

payment was received is in the amount of $24,569.00.

WHEREFORE, the Plaintiff Shore Power prays:

A.　　　　　That a warrant issue for the arrest of the Defendant Vessel and her engines,

tackle, equipment, furniture and all other necessaries thereunto appertaining

and belonging, and that all persons claiming any interest therein may be

cited to appear and answer the matters aforesaid;

B.         That Plaintiff be decreed to have a maritime lien *in rem* upon the Defendant Vessel, her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that such a lien be foreclosed in accordance with the law and thereupon that the vessel be condemned and sold in payment of the amount due and all such other sums that are owed;

C.         That upon proper notice and hearing, judgment be entered against the Defendant Vessel, *in rem*, for the aforementioned damages in the amount of $24,569.00, plus pre-judgment interest, *custodia legis* expenses, U.S. Marshal's fees and expenses, attorneys' fees, and other recoverable litigation costs;

D.         That Plaintiff be permitted to credit bid the amount of its judgment or lien against the Defendant Vessel at any U.S. Marshal's sale,

E.         That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to any person, firm or corporation who has recorded a notice of claim of an undischarged lien upon the vessel,

F.         That this Court enter judgment against Defendants Michael and Connie Conner in the amount of $24,569.00, plus pre-judgment interest, post judgment interest, attorneys fees, and other recoverable litigation costs; and

G.         That such other and further relief be granted as this Court deems just and proper.

Respectfully Submitted
September 30, 2020
/s/

-10-

Todd D. Lochner (Bar No. 25691)
Eugene E. Samarin (Bar No. 19612)
Lochner Law Firm, P.C.
91 Main St., 4th Floor
Annapolis, MD 21401
T: (443) 716-4400
F: (443) 716-4405
tlochner@boatinglaw.com
esamarin@boatinglaw.com
*Attorneys for the Plaintiff*

## <u>VERIFICATION</u>

Richie Somers, being duly sworn, deposes and says:

      I am a Member of Shore Power Solutions, LLC, the corporate plaintiff herein.  I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my own knowledge, except as to the matters therein stated upon information and belief and as to those matters I believe them to be true.

      The reason that I make this verification is that Plaintiff Shore Power Solutions, LLC, is a corporation, and I am the Member thereof.

      The sources of my information and the grounds of belief as to all matters not stated in the Complaint to be alleged upon my own knowledge are reports made to me by other Members and the records of Shore Power Solutions, LLC.

Date:

Shore Power Solutions, LLC

_____

By:  Richie Somers
Member
Shore Power Solutions, LLC
*Plaintiff*